# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-30V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOSEPH KOWALEWSKI

          Petitioner,

          v.

SECRETARY OF HEALTH AND HUMAN SERVICES

          Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: January 24, 2014

Decision by Stipulation; Damages; Attorney's Fees and Costs Influenza Vaccine; Guillain-Barre Syndrome (GBS); Bell's Palsy

John L. Defazio, Niagara Falls, NY, for Petitioner

Lisa A. Watts, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On January 14, 2013, petitioner Joseph Kowalewski filed a petition seeking compensation under the National Vaccine Injury Compensation Program, ("the Vaccine Program").[2] Petitioner is alleging that he suffered Guillain-Barre Syndrome ("GBS"), Bell's palsy, and their related sequelae as a result of receiving an influenza ("flu") vaccine on October 31, 2011.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) ("Vaccine Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent denies that petitioner's alleged injuries were caused by the receipt of the flu vaccine. Nonetheless, both parties, while maintaining the above positions, agreed in a stipulation filed January 23, 2014 that the issues before them can be settled and that a decision should be entered awarding petitioner compensation.

I have reviewed the file and, based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt the stipulation as the decision of this proceeding in awarding damages, on the terms set forth therein.

The stipulation awards:

> A lump sum of $165,500.00 in the form of a check payable to Joseph Kowalewski. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a);

Stipulation ¶ 8(a).

The parties further set forth in their January 23rd stipulation that they had reached the following agreement with respect to attorney's fees and costs:

> A lump sum of $25,578.00 in the form of a check payable jointly to petitioner and petitioner's attorney, John L. DeFazio, MD, Viola, Cummings & Lindsay, LLP, for [all] attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e);

Stipulation ¶ 8(b).[3]

I therefore approve a Vaccine Program award in the requested amount to be made to petitioner in the amount set forth above. In addition, I also approve of attorney's fees and costs in the requested amount to be made to petitioner and petitioner's counsel. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] This section of the stipulation also contained a statement in accordance with General Order #9 of the Vaccine Program indicating that petitioner had incurred no reimbursable costs in pursuit of his claim

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| JOSEPH KOWALEWSKI, | ) | |
|---|---|---|
| | ) | **ECF** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13-30V |
| | ) | Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | George L. Hastings |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Joseph Kowalewski ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on October 31, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") and Bell's Palsy, which were caused-in-fact by the flu vaccine. Petitioner further alleges that he suffered the residual effects of his injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

1

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, Bell's Palsy or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $165,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b.    A lump sum of $25,578.00 in the form of a check payable jointly to petitioner and petitioner's attorney, John L. DeFazio, MD, Viola, Cummings & Lindsay, LLP, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C.§ 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on October 31, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about January 14, 2013, in the United States Court of Federal Claims as petition No. 13-30V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, Bell's Palsy, or any other injury, or that his current disabilities are sequelae of his alleged vaccine-related injuries.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

/

4

Respectfully submitted,

PETITIONER:

*[signature]* Joseph Kowalewski
JOSEPH KOWALEWSKI

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
JOHN L. DeFAZIO, MD, ESQ.
Viola, Cummings & Lindsay, LLP
770 Main Street
Niagara Falls, NY 14301
Tel: (716) 285-9555

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 1/23/2014

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099